UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10135-GAO |
| ) | |
| FEDERICO NIVAR ) | |
| ) | |

MOTION TO COMPEL DISCOVERY OF NOTES
TAKEN BY LAW ENFORCEMENT AGENTS OF STATEMENTS OF THE DEFENDANT

 Now comes the defendant through counsel and requests this Court to order the government to produce any notes made by law enforcement officers reflecting statements made by the defendant during interrogation. This discovery is sought under Fed. R. Crim. P. 16(a)(1)(B)(ii), which requires disclosure of "the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent...."

 While the government has provided a report by DEA Special Agent Paul Karamourtopoulos relating the defendant's statements, it has refused to produce rough notes of the statements. (The defendant requested the notes by letter dated June 20, 2005, and AUSA David Tobin refused to produce the notes by telephone on June 22, 2005. See letter, attached.) Defendant submits that Rule 16, as amended in 1991, requires production of both reports and notes. The Advisory Committee Notes to the 1991 amendment make this clear:

> The written record need not be a transcription or summary of the defendant's statement but must only be some written reference which would provide some means for the prosecution and defense to identify the statement.

The Advisory Notes further state that "[t]he rule now requires the prosecution ... to disclose <u>any written record</u> which contains reference to a relevant oral statement by the defendant ...." <u>Id</u>. [emphasis added].

This Court, in <u>United States v. Almohandis</u>, 307 F.Supp.2d 253 (D.Mass. 2004), ruled that a literal reading of the amended rule required production of notes of an interview.

> The Rule requires production of 'any written record of the substance of any relevant oral statement ...'. The notes are 'a' written record. They may not be the only written record, but they certainly are 'a' written record.

<u>Id</u>. at 255. This Court exhaustively reviewed the decisions holding that notes need not be produced. In each case, this Court concluded: "The post-1991 cases which hold that an agent's rough notes of a defendant's oral statements are not producible do not appear to take note of the 1991 change adding Rule 16(a)(1)(B)(ii)." <u>Almohandis</u>, 307 F.Supp.2d at 256.

For the reasons more fully set out in <u>Almohandis</u>, defendant moves for disclosure of all written notes of defendant's statements.

<u>Certification Under Local Rule 116.3(F)</u>

Undersigned counsel, Page Kelley, certifies that she has conferred with opposing counsel in a good faith attempt to eliminate or narrow the issues raised in this motion.

                                               FEDERICO NIVAR
By his attorney,
/s/ Page Kelley
Page Kelley
  B.B.O. #548237
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA  02110
Tel: 617-223-8061

Date: June 23, 2005