UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 04-10135-GAO

UNITED STATES OF AMERICA,

v.

FEDERICO NIVAR.

MEMORANDUM AND ORDER
August 1, 2005

O'TOOLE, D.J.

The defendant, Federico Nivar, has moved to suppress (i) statements he made to police in the course of a custodial interrogation and (ii) the fruits of a search of his apartment conducted without a warrant with his written consent. After an evidentiary hearing at which both law enforcement officers and the defendant testified, I conclude that the defendant's motion ought to be, and it is, DENIED.

As to the first issue, I find, based on the credible evidence adduced at the hearing, that before answering questions, the defendant had been advised of his "Miranda rights" in Spanish, his native language, by a Spanish-speaking officer. I find that the defendant understood the Miranda warnings and voluntarily agreed to answer questions.

The defendant testified that he misunderstood the advice of his rights and thought that he would only be entitled to a lawyer in later court proceedings and not in connection with his decision whether to cooperate with the police in providing information. I find the defendant's testimony not credible. In the course of his testimony, under cross-examination by the government, he was so

obviously untruthful that I permitted his counsel to speak privately with him while he was on the stand, so that (I presume) he could be warned about the trouble he was getting into by his palpably false testimony. Though he changed course with respect to his assertions that were most obviously (or demonstrably) false, his untruthfulness in those respects leave me with no confidence in the accuracy of his other testimony, and I am not persuaded by it.

Having been arrested in possession of illegal drugs, the defendant responded affirmatively to a police invitation for him to cooperate with them in pursuing the defendant's supplier. Specifically, he agreed to cooperate with the police in an attempt to set up a transaction in which the supplier would come to the defendant's apartment to deliver illegal drugs. In connection with this cooperation, the defendant agreed that the police could come to his apartment. He further signified his consent to a search of his apartment by signing a brief consent form to that effect. Although the consent form was written in English, a Spanish-speaking officer translated it for him before he signed it. I find that the defendant's consent to search the premises was voluntarily given.

In the course of searching the apartment, the police found a quantity of drugs hidden behind a ventilation grate. The defendant testified that he had objected to the extensiveness of the search prior to the discovery of the drugs. He also said that his girlfriend, who lived with him at the apartment, also objected to the search. Essentially, his argument is that whatever consent he had previously given was revoked before the drugs were found.

As noted above, the defendant was not a credible witness, and I do not find that he revoked his consent to the search of the premises prior to the discovery of the contraband. I do find that his girlfriend, who was pregnant and expecting to give birth shortly, objected to the police searching a

suitcase that was packed with clothing and other things for the new baby. But I do not find there was any expressed revocation of consent to search by the defendant before the drugs were uncovered.

Finally, in his motion to suppress, the defendant claimed that his arrest was unlawful because the police lacked probable cause. Since the arrest was made upon a warrant, the argument must be that the affidavit made in support of the warrant was insufficient to establish probable cause. The defendant has waived that issue because it was neither briefed nor argued to the court. In any event, an attack on the sufficiency of the affidavit would be without merit. Cursory review of the affidavit submitted in support of the criminal complaint against Nivar shows that it provided ample evidence to support the magistrate judge's issuance of the complaint and hence the arrest warrant.

For these reasons, I deny the defendant's motion in all respects.


August 1, 2005                                              \s\ George A. O'Toole, Jr.
DATE                                                        DISTRICT JUDGE